**In re PROFESSIONAL DEVELOPMENT CORPORATION A Tennessee Corporation, d/b/a Whispering Oaks Condominiums, Westwind Apartments, Willow Grove Shopping Center, QR Centers, Inc., Debtor.**

**In re Thomas H. CAMPBELL, d/b/a Hi–Tech Leasing, Debtor.**

**Bankruptcy Nos. 90–31484–D, 90–31483–D.**

United States Bankruptcy Court, W.D. Tennessee, W.D.

Nov. 14, 1991.

See also 129 B.R. 522.

Jennie D. Latta, McDonnell Boyd, Memphis, Tenn., for debtor.

Steve Douglas, Memphis, Tenn., for Metropolitan.

Ellen Vergos, Waring Cox, Memphis, Tenn., for Empire.

Madalyn C. Scott, U.S. Trustee's Office, Memphis, Tenn.

BERNICE BOUIE DONALD, Bankruptcy Judge.

MEMORANDUM OPINION AND ORDER GRANTING DEBTORS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND OBJECTIONS THERETO, AND EMPIRE'S CROSS–MOTION FOR PARTIAL SUMMARY JUDGMENT

This core proceeding [1] came on debtors' motion for Partial Summary Judgment seeking a determination of the viability of the "new value" exception to the absolute priority rule under the code. The debtors filed a joint plan of reorganization wherein debtor, Thomas H. Campbell ("THC") proposes to make capital contributions of six thousand dollars ($6,000.00) per month for forty-eight (48) consecutive months, thus retaining an equity interest in the reorganized debtor. The Resolution Trust Corporation as receiver for Metropolitan Federal Savings and Loan ("Metropolitan") and Resolution Trust Corporation as successor to Empire Savings Bank ("Empire"), creditors of the debtors and interested parties, have filed objections to confirmation on grounds that the "new value" exception did not survive the enactment of the Bankruptcy Code. Further, Metropolitan has filed a motion for Summary Judgment on grounds that no "new value" exception to the abso-

---

**1.** 28 U.S.C. § 157(b)(2)(A).

lute priority rule of 11 U.S.C. § 1129(b)(2)(B) exists.

The sole issue for judicial determination is whether the "new value" exception to the absolute priority rule of 11 U.S.C. § 1129(b)(2)(B) is viable post Bankruptcy Code enactment such that a substantial and necessary contribution of cash or moneys worth in exchange for equity retention would meet the fair and equitable test for confirmation?

## DISCUSSION

Motions for Summary Judgment are governed by F.R.Civ.P. 56 and made applicable to Bankruptcy by F.R.B.P. 7056. Summary Judgment is proper when there are no genuine issues as to any material fact. F.R.B.P. 7056; see also, *Hughes v. Cardinal Federal Savings and Loan Association,* 566 F.Supp. 834 (D.C.Ohio 1983).

Summary Judgment may be granted in whole or in part. F.R.B.P. 7056(d). The party seeking summary judgment has the burden of demonstrating that "no genuine issue as to any material fact" exists. *Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ The instant debtors seek only a determination of the existence of the "new value" exception, not whether the amount proposed to be contributed is both substantial and necessary. Thus, the court finds that the issue, a pure legal question, is ripe for summary judgment.

■ The absolute priority rule is a specific application of the broader doctrine that reorganization plans must be "fair and equitable." Under the 1978 code, the general doctrine is contained in section 1129(b)(2) and subsection 1129(b)(2)(B)(ii), which provides that the debtor must pay a nonconsenting class of unsecured creditors in full or "the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan, on account of such junior claim or interest, any property". Because the rule is a part of 1129(b), it need not be satisfied unless the plan is to be "crammed down"; that is to say, unless there is a class of creditors that has not accepted the plan under section 1129(a)(8)(A). However, there is no mention in the Code of a "new value" exception to the absolute priority rule.

Nevertheless, the Supreme Court recognized an "exception" to the absolute priority rule, giving it expression in a series of cases culminating in *Case v. Los Angeles Lumber Products Co.,* 308 U.S. 106, 60 S.Ct. 1, 84 L.Ed. 110 (1939). This history and development of the new value exception is set forth in detail by Judge Leif Clark in *In re Greystone III Joint Venture,* 102 B.R. 560 (Bankr.W.D.Tex.1989). The Court validated stockholder participation in a plan of reorganization of an insolvent debtor, and in doing so, acknowledged the continuing validity of the court-fashioned exception to the absolute priority rule. Relying on the previous case of *Kansas City Terminal Ry. v. Central Union Trust Co.,* 271 U.S. 445, 46 S.Ct. 549, 70 L.Ed. 1028 (1926) the court stressed the necessity, at times, of seeking new money "essential to the success of the undertaking" from the stockholders. Where that necessity exists and the old stockholders make a fresh contribution and receive in return a participation reasonably equivalent to their contribution, no objection can be made. *Id.* While some courts have embraced the new value exception, others have completely denied its validity. See, *In re Winters,* 99 B.R. 658 (Bankr.W.D.Pa. 1989) (cites other cases rejecting the "new value" exception). However, the Sixth Circuit applied the Supreme Court standard in *In re U.S. Truck Co., Inc.,* 800 F.2d 581 (6th Cir.1986) and recognized the new value exception to the absolute priority rule in affirming the District Court's findings that the particular contribution in dispute was substantial and "essential". In *U.S. Truck* the Teamsters committee filed an objection to the plan asserting that it was not fair and equitable. In the Plan, the pre-bankruptcy owner, McKinlay Transport Inc., proposed to purchase all one hundred thousand (100,000.00) shares of U.S. Truck common stock for one hundred thousand dollars ($100,000.00), thus assertedly imper-

missibly permitting an equity security holder (whose interest was junior to other creditors) to retain its ownership interest in the reorganized company in violation of 11 U.S.C. § 1129(b)(2)(B) *U.S. Truck, Id.* at 587. The court opined:

> If McKinlay were retaining an interest without contributing any capital, the plan would clearly violate the Code. See *In re Genesee Cement, Inc.*, 31 B.R. 442, 443 (Bkrtcy.E.D.Mich.1983). But McKinlay is giving up its prior interest and participating in the reorganized company by making a $100,000 contribution. The question, put in terms of the Code's language, is whether McKinlay is receiving its interest in the reorganized company "on account of" its junior claim. This involves looking at the need for the contribution and whether McKinlay paid a fair price for its interest.
>
> In *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 60 S.Ct. 1, 84 L.Ed. 110, *reh'g denied*, 308 U.S. 637, 60 S.Ct. 258, 84 L.Ed. 529 (1939), the Court validated stockholder participation in a plan of reorganization of an insolvent debtor. Especially in [*Kansas City Terminal Ry. v. Central Union Trust Co.*, 271 U.S. 445, 46 S.Ct. 549, 70 L.Ed. 1028 (1926),] did this Court stress the necessity, at times, of seeking new money "essential to the success of the undertaking" from the old stockholders. Where that necessary exists and the old stockholders make a fresh contribution and receive in return a participating reasonably equivalent to their contribution, no objection can be made. *Id.*, 308 U.S. at 121, 60 S.Ct. at 10.
>
> Applying the Supreme Court's standard to this case, we must decide whether the District Court was clearly erroneous in its findings supporting its conclusion that the contribution was substantial and "essential."
>
> The relevant evidence on this issue is set forth in the District Court's opinion. [*In re U.S. Truck Co., Inc.*] 47 B.R. [932] at 942–43 [(D.C.Mich.1985)]. The Teamsters Committee argues that $100,000

cannot possibly be essential or substantial when the debtor is reporting monthly profits of over $100,000. Considered alone, the monthly profit statistics make a strong argument for the Teamsters Committee's position. However, the District Court relied on other probative evidence that minimizes the relevance of those statistics. Significantly, the Teamsters Committee presented no independent evidence to support its objection. It relied solely on its ability to cross-examine U.S. Truck's witnesses.

> The District Court heard testimony that investment in the reorganized company would be a risky proposition. There was no labor stability in light of the imminent expiration of a collective bargaining agreement that had been negotiated shortly after U.S. Truck filed for bankruptcy. As the Teamsters Committee points out, the then-current agreement was acceptable to the employees only because of the dire circumstances. Furthermore, the Teamsters Committee's own claim against the debtor is a substantial one and has not been resolved. The debtor's expert witness, Van Conway, testified that U.S. Truck was in a risky industry and that the other problems unique to it rendered income figures unreliable. Conway concluded that in light of all the facts, the contribution was essential. Again, the Teamsters Committee offered no refuting evidence. Under such circumstances, we conclude that the District Court's findings were not clearly erroneous.

800 F.2d at 588.

■ In 1988, the Supreme Court revisited the issue and again did not reject the existence of the new value exception. Moreover, in *Norwest Bank of Worthington v. Ahlers*,[2] the Court held that the absolute priority rule applies when the debtor retains property and a dissenting class of unsecured claims is provided for less than in full; the debtor's "promise of future labor warrants no exception to its operation." Thus, the court held that proposed "sweat equity" in exchange for equi-

---

**2.** 485 U.S. 197, 108 S.Ct. 963, 99 L.Ed.2d 169      (1988).

ty participation was not fair and equitable. The holding was based on an analysis of dictum in *Los Angeles Lumber, supra* that permitted stockholders of an insolvent corporation to participate in a plan of reorganization "based on a contribution in money's worth, reasonably equivalent in view of all the circumstances to the participation of the stockholder." In a footnote in *Ahlers,* the Supreme Court cast doubt on whether the judicially created "infusion of money or moneys worth" exception to the absolute priority rule survived the Code and 11 U.S.C. § 1129(b). See also, *In re Winters,* 99 B.R. 658 (Bankr.W.D.Pa.1989). (Court held no new value exception). However, in support of this conclusion, it should be noted that *Ahlers* was decided, based on the assumption (without deciding) that the Los Angeles Lumber exception to the rule survived the enactment of the Code. Nonetheless, Justice White specifically stated that the *Ahlers* decision should not be taken as any comment on the continuing validity of the *Los Angeles Lumber* exception. *Ahlers, supra.* In view of the precedential position that the Sixth Circuit has taken in *In re U.S. Truck,* it is clear that the new value exception must also be recognized by this bankruptcy court.

In the instant case, Class 15 of the plan consists of Thomas Campbell. This class proposes to make a six thousand dollar ($6,000.00) contribution per month for forty-eight (48) consecutive months commencing on the effective date of the plan. An issue for confirmation is whether such a contribution is "substantial" and "essential" to the effective reorganization of the debtor.

The new value exception does not undercut the protective equitable function of the absolute priority rule. In fact, it is probably a misnomer to call it an exception at all. It is, rather, and more accurately, a logical expansion on the notion that an equity reorganization must be "fair" and "equitable". *In re Greystone, supra.*

An infusion of new capital may well be necessary to the success of the reorganization, especially in single asset real estate cases. See *In re Greystone, supra.* There is nothing about the structure of the Code that alters this fundamental recognition of the practicalities of all enterprises. See *In re U.S. Truck, supra.*

## CONCLUSION

Based on the foregoing analysis and the holding in *In re Truck, supra,* this court finds that the "new value" exception to the absolute priority rule is viable for purposes of evaluating the fair and equitable provision of 11 U.S.C. § 1129(b) plan confirmation. The court reserves any determination of whether the debtors' plan is fair and equitable, and whether the amount proposed to be contributed by the debtor's principal is substantial and necessary.

Debtors' motion for partial summary judgment is granted, and the objections of Metropolitan and Empire are overruled. Metropolitan's cross motion for summary judgment is denied.

IT IS SO ORDERED.